OPINION
Appellant David Ward appeals a judgment of the Richland County Common Pleas Court overruling his Petition for Post-conviction Relief:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT COMMITTED PLAIN ERROR IN NOT ORDERING BILL OF INFORMATION VOID AND IN NOT ORDERING CONVICTIONS REVERSED BY DEFENDANT DID NOT AFFIRMATIVELY WAIVE HIS RIGHT TO INDICTMENT AND THE BILL OF INFORMATION DID NOT CREATE AN ALLEGED VICTIM AND DID NOT CREATE A TIME/PLACE/LOCATION/ADDRESS WITHIN RICHLAND COUNTY, OHIO AT WHICH CRIMINAL CHARGE COURT OCCUR: VIOLATED U.S.C.A. 5, U.S.C.A. 6, U.S.C.A. 14, OHIO CONST., ARTICLE I, § 10, ARTICLE I, § 16, ARTICLE II, § 28.
 II. THE PRIOR 1996 CONVICTED AND SENTENCED DEFENDANT IS ENTITLED TO THE EQUAL PROTECTION OF MODIFIED SENTENCING STATUTES LESS HARSH PENALTY APPLICABLE TO HIS OFFENSE UPON SENTENCING STATUTE BEING MODIFIED AND ENFORCE A LESS HARSH PENALTY. U.S.C.A. 6, U.S.C.A. 14, OHIO CONST., ARTICLE I, § 2, ARTICLE I, § 10.
On March 30, 1993, appellant was served with a Bill of Information charging him with Rape pursuant to R.C. 2907.02. Appellant signed a written waiver of indictment, and further signed a waiver of one-day service. On June 21, 1993, appellant entered a guilty plea to the Bill of Information, and was sentenced to a term of incarceration of eight to twenty-five years.
On July 19, 1996, appellant filed a Post-conviction Petition to vacate and set aside his sentence. Appellant requested that he be resentenced pursuant to Senate Bill 2. The Richland County Common Pleas Court overruled the Petition, as Senate Bill 2 does not apply to crimes committed before July 1, 1996.
On November 7, 1997, appellant filed a second Petition for Post-conviction Relief pursuant to R.C. 2953.21. Appellant alleged that the Bill of Information was void, as it did not name a victim, and did not specify the time, place, and location of the offense. Appellant again claimed that he had a right to be resentenced pursuant to Senate Bill 2. The court dismissed this Petition, which appellant now appeals.
 I.
Appellant argues that the court erred in dismissing his Petition, as he did not waive his right to indictment. The file reflects that appellant signed a written waiver of indictment. Appellant also argues that the Bill of Information is void, as it does not name the victim, and does not name the time, place, and location of the offense.
Crim.R. 7(B) provides that an Information shall be signed by the prosecuting attorney, and shall contain a statement that the defendant has committed an offense as specified as in the Information. The statement must be sufficient to give the defendant notice of all the elements of the offense with which he is charged. The Information shall also state the numerical designation of the statute that the defendant is alleged to have violated.
The Information in the instant case clearly complied with Crim.R. 7. The Information was signed by the prosecuting attorney, and contains a statement that appellant committed a public offense, that being Rape, in violation of R.C. 2907.02. The statement concerning the crime is in the words of the applicable section of the statute, and states the numerical designation of the statute that appellant violated. The Bill of Information further alleges that the crime occurred in Richland County. The name of the victim, and the exact location of the offense are not essential elements of the crime of Rape. Therefore, the Information was not rendered void by the failure to include this information in the Bill.
The first Assignment of Error is overruled.
 II.
The issue of resentencing pursuant to Senate Bill 2 was resjudicata, as it was considered by the trial court on appellant's first Petition for Post-conviction Relief. In addition, Senate Bill 2 is not retroactive. State vs. Jefferson (May 24, 1996), Richland App. No. 95-CA-97, unreported. Appellant was sentenced on June 21, 1993, well before the effective date of Senate Bill 2.
The second Assignment of Error is overruled.
The judgment of the Richland County Common Pleas Court is affirmed.
By: Reader, J., Gwin, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Richland County Common Pleas Court is affirmed. Costs to appellant.